IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GREGG LEON CRAMPTON,

        Petitioner,

    v.

J.E. THOMAS, Warden, FCI Sheridan,

        Respondent.

Civil No. 07-1883-BR

OPINION AND ORDER

**STEPHEN R. SADY**
Chief Deputy Federal Public
Defender
101 SW Main Street
Suite 1700
Portland, OR  97204

      Attorney for Petitioner

**KARIN J. IMMERGUT**
United States Attorney
**SUZANNE A. BRATIS**
Assistant United States Attorney
1000 SW Third Avenue
Suite 600
Portland, OR  97204

      Attorneys for Petitioner

1 - OPINION AND ORDER -

**BROWN, Judge.**

Petitioner, an inmate at FCI Sheridan, brings this habeas corpus action pursuant to 28 U.S.C. § 2241.  For the reasons that follow, the Petition for Writ of Habeas Corpus is **DENIED**.

<u>BACKGROUND</u>

On May 16, 2003, Oregon State Police officers arrested Petitioner in Crook County, Oregon, on state criminal charges of Unlawful Possession of a Controlled Substance and a post-prison supervision violation.  Petitioner was detained for additional charges pending in Union County, Oregon, and was transported to that county.  On May 24, 2003, the Oregon Board of Parole and Post-Prison Supervision revoked Petitioner's post-prison supervision and imposed a 180-day sanction, with credit from the date of arrest.

On August 5, 2003, Petitioner pleaded guilty in Union County to Unlawful Use of a Weapon, Menacing, and Tampering With Physical Evidence.  On August 13, 2003, the Union County trial judge sentenced Petitioner to 16 months of imprisonment, with credit for term served beginning August 5, 2003, to be followed by two years of post-prison supervision.  Petitioner was remanded into the custody of the Oregon Department of Corrections for execution of his sentence, and was subsequently transported to Crook County.

On September 19, 2003, Petitioner pleaded guilty in Crook County to Unlawful Possession of a Controlled Substance.  The Crook County trial judge sentenced Petitioner to six months of imprisonment, concurrent with his Union County sentence, to be followed by 12 months of post-prison supervision.  Petitioner was returned to the custody of the Oregon Department of Corrections.

On March 12, 2004, the United States Marshal's Service assumed custody of Petitioner pursuant to a federal writ.  A federal grand jury indicted Petitioner on several federal charges.  On August 17, 2004, while in U.S. Marshal's custody, Petitioner was paroled from state custody.

Petitioner ultimately pleaded guilty in the United States District Court for the District of Oregon to two charges of Felon in Possession of One or More Rounds of Ammunition.  The charges carried a mandatory minimum sentence of 180 months.  On March 28, 2006, the Honorable Michael R. Hogan of this court sentenced Petitioner to two concurrent terms of 171 months of imprisonment.  In his statement of reasons, Judge Hogan explained:

> The court granted [Petitioner's] oral motion for a nine (9) month departure under advisory guideline 5K2.23, to allow for an adjustment for time served for prior discharged terms of imprisonment in Union and Crook County Court cases that were relevant conduct to the instant offense.  The total offense level of 33 minus a 3-level reduction for acceptance of responsibility, for a total offense level of 30.  The mandatory minimum of one-hundred and eighty (180) months, minus the nine month departure leads to a total of one-hundred and seventy-one (171) month sentence.

Petitioner's Exhibit A, p. 3.  Petitioner was remanded to the custody of the United States Bureau of Prisons ("BOP").  Pursuant to 28 U.S.C. § 3585(b), the BOP awarded Petitioner prior custody credit for the time he spent in the U.S. Marshal's custody between his state parole on August 17, 2004, and the commencement of his federal sentence.

The BOP also began computing Petitioner's good conduct time ("GCT") credit based on a 171-month sentence.  Petitioner asserts he was actually sentenced to 180 months in prison, and that BOP should be required to recompute his GCT accordingly.  He argues he is entitled to GCT credit for the nine-month period by which his federal sentence was adjusted.  Respondent agrees Petitioner fully exhausted his administrative remedies and the matter is now appropriately before this Court on Petitioner's § 2241 habeas petition.  Respondent argues, however, that Petitioner is not entitled to the relief requested.

<u>**DISCUSSION**</u>

Petitioner asserts two lines of argument in support of his claim.  First, he argues that the sentencing court imposed an actual minimum federal sentence of 180 months, but credited Petitioner with nine months of time served.  Thus, he argues, the BOP should calculate GCT credit based on the full 180-month sentence.  Second, Petitioner argues he would have been eligible for GCT for the 9-month period at issue if his federal sentence

4 - OPINION AND ORDER -

had been imposed more than two years earlier, while he was still serving his state sentence, and so the rule of lenity and equal protection concerns mandate awarding the GCT credit he now seeks.

## I.    BOP Calculation of GCT Credit

Petitioner's claim that he is entitled to have the BOP calculate his GCT credit based on the full 180-month sentence turns on the interpretation of statutes governing the calculation of GCT for federal prisoners.

Computation of a federal sentence is governed by 18 U.S.C. § 3585, which sets for a two-step process:  (1) a determination of the date on which the federal sentence commences, and (2) consideration of any credit to which a prisoner may be entitled. *Chambers v. Holland*, 920 F.Supp. 618, 621 (M.D. Pa. 1996), *aff'd*, 100 F.3d 946 (3rd Cir. 1996); *see also Allen v. Crabtree*, 153 F.3d 1030, 1032 (9th Cir. 1998) (it is the administrative responsibility of the Attorney General, through the BOP, to compute sentence and apply credit where due).  The Attorney General is responsible for computing federal sentences for all offenses committed after November 1, 1987.  *See* 18 U.S.C. § 3585; *United States v. Wilson*, 503 U.S. 329, 331-32 (1992).  The Attorney General delegated this authority to the Director of the Bureau of Prisons.  28 C.F.R. § 0.96 (1999).

A federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). A federal sentence cannot commence prior to the date it is imposed. *United States v. Labeille-Soto*, 163 F.3d 93, 98 (2nd Cir. 1998).

Credit for GCT is governed by 18 U.S.C. § 3624(b), which states in pertinent part:

> [A] prisoner who is serving a term of imprisonment of more than 1 year[,] other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations.

Under this statute, the BOP is entrusted with overseeing GCT credits to inmates. *Ross v. Fondren*, 2008 WL 4745671 *3 (D. Minn. Oct. 29, 2008); *Pacheco-Camacho v. Hood*, 272 F.3d 1266, 1267 (9th Cir. 2001), *cert. denied*, 535 U.S. 1105 (2002). The BOP construes the statute to mean that GCT credit is calculated "based upon the actual time a prisoner serves, beginning on the date the federal sentence is imposed." *Ross*, 2008 WL 4745671 at *3 (citing *United States v. Hayes*, 535 F.3d 907, 910 (8th Cir. 2008)). As such, in the present case, the BOP determined Petitioner is entitled to

earn GCT credits on the 171 months he will serve in federal custody.

To interpret the federal statute pertaining to calculation of GCT credits, the court must apply a two-part analysis. First, the court must look to the text of the statute to "'determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case.'" *Royal Foods Co. v. RJR Holdings, Inc.*, 252 F.3d 1102, 1006 (9th Cir. 2001) (quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997)). If congressional intent is clear from the plain meaning of the statute, the court need not look further for guidance. *Food and Drug Admin. v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 132 (2000).

If the statute is ambiguous as to the question in issue, the court must determine whether an agency interpretation of the statutory provision exists and is owed some degree of deference. *Id*. When Congress expressly delegates authority or responsibility to an agency to implement a particular provision or to fill a particular gap in a statute, any ensuing regulation is binding on the courts unless it is procedurally defective, arbitrary or capricious in substance, or manifestly contrary to the statute. *United States v. Mead Corp.*, 533 U.S. 218, 227 (2001).

As long as an agency's construction of a statute is reasonable, the court does not substitute its own judgment for

that of the agency. *Chevron, U.S.A. v. Nat. Resources Def. Council, Inc.*, 467 U.S. 837, 843 (1984). Rather, "the question for the court is whether the agency's answer is based on a permissible construction of the statute." *Id*. The court therefore gives "considerable weight" to an agency's interpretation of a statutory scheme that it administers." *Id.* at 844.

The BOP's interpretation of § 3624(b) to calculate GCT credits based upon the actual time a prisoner serves, beginning on the date the federal sentence commences, is reasonable. Computing GCT credits based upon actual time served in BOP custody accords with the language of the statute, which allows prisoner to earn good time credits "toward the service of the prisoner's sentence . . . beginning at the end of the first year of the term." 18 U.S.C. § 3624(b).

Several Circuits, including the Ninth, have upheld the BOP's reading of GCT calculation, albeit under different circumstances, and have denied prisoners' habeas petitions to calculate GCT credits based on the length of the imposed sentence. *See Mujahid v. Daniels*, 413 F.3d 991, 997 (9th Cir. 2005), *cert. denied*, 547 U.S. 1149 (2006); *Perez-Olivo v. Chavez*, 394 F.3d 45, 53 (1st Cir. 2005); *O'Donald v. Johns*, 402 F.3d 172, 174 (3rd Cir. 2005), *cert. denied*, 547 U.S. 1106 (2006); *Bernitt v. Martinez*, 432 F.3d 868,

869 (8th Cir. 2005); *Wright v. Fed. Bureau of Prisons*, 451 F.3d 1231, 1236 (10th Cir. 2006), *cert. denied*, 549 U.S. 1152 (2007). Other courts have denied GCT credits at the sentencing stage. *See Montalvo v. United States of America*, 174 F.Supp.2d 10, 15-16 (S.D.N.Y. 2001) (what prisoner seeks is essentially federal good time credit for time spent in state custody, before his federal sentence even began, but "nothing in § 5G1.3(c) or its application notes suggests that this would be a proper sentencing determination"); *United States v. Evans*, 1 F.3d 654, 654-66 (7th Cir. 1993) (holding that BOP, not court, determines whether federal prisoner should receive GCT credit, and that district court did not err in refusing to award GCT credit against prisoner's federal sentence for time spent in state custody). Moreover, several district judges have upheld the BOP's calculation of GCT credits in § 2241 habeas corpus actions under circumstances virtually identical to Petitioner's. *See Ross v. Fondren*, 2008 WL 4745671 at *3; *Schuschny v. Fisher*, 2008 WL 5381493 (N.D. Fla. Dec. 19, 2008); *Gouch v. Eichenlaub*, 2008 WL 2831250 (E.D. Mich. July 21, 2008); *Hickman v. United States*, 2006 WL 20489 (S.D. N.Y. Jan. 4, 2006).

The Court notes Petitioner's reliance on *Kelly v. Daniels*, 469 F.Supp.2d 903 (D.Or. 2007), in which the Honorable Magistrate Janice M. Stewart of this court granted habeas corpus relief under

similar circumstances. Upon review of the briefing supplied by the parties in *Kelly*, it is apparent Judge Stewart did not have the benefit of the particular legal arguments advanced by the BOP here and in the cases cited above. In any event, this Court respectfully disagrees with Judge Stewart's conclusion that GCT credits are available for the period of time Petitioner actually served in state custody and for which the sentencing court adjusted the mandatory minimum sentence downward by nine months pursuant to § 5K2.23. The Court concludes Petitioner effectively was relieved of the obligation of serving the additional nine months provided in the statutory minimum, and, therefore, it is not unreasonable for the BOP to conclude that GCT credit is not available for that period of time.[1] Accordingly, the Court concludes the BOP correctly began calculating Petitioner's GCT credits at the commencement of his federal sentence.

## II.  Rule of Lenity

Petitioner also argues he is entitled to relief by application of the "rule of lenity." Under the common law "rule of lenity," when confronted with an ambiguous penal statute a court must construe the statute leniently, in order to avoid

---

[1]In addition, the Court notes the inherent difficulty in ascertaining whether a prisoner's state custody time was already reduced for good conduct, which would further complicate the calculation of federal GCT credits for time spent previously in state custody.

violating the due process rights of a prisoner.  *See United States v. Santos*, 128 S.Ct. 2020, 2025 (2008) ("[t]he rule of lenity requires ambiguous criminal laws to be interpreted in favor of the defendants subjected to them") (citations omitted).  The rule of lenity applies, however, only when a statute is ambiguous.  *See United States v. Hayes*, 129 S.Ct. 1079, 1088-89 (2009) (rule applies "only when, after consulting traditional canons of statutory construction, [a court is] left with an ambiguous statute") (quotation omitted).

Here, any ambiguity in the statute at issue can be resolved under the *Chevron* deference standard, as discussed above.  *See Pacheco-Camacho*, 272 F.3d at 1271 (rule of lenity "does not prevent an agency from resolving statutory ambiguity through a valid regulation"); *see also Lopez v. Davis*, 531 U.S. 230, 242 (2001) (Supreme Court applied *Chevron* deference in construing another BOP-administered statute affecting prison terms).  A such, the Court need not resort to the rule of lenity in interpreting § 3624(b).

## III. Equal Protection

Finally, Petitioner argues the BOP violated his equal protection rights because, had he been sentenced in federal court before his state term had expired, he would have received the full 180-month sentence, and would have been eligible for GCT credit

for the entire period.  As Respondent notes, however, Petitioner's arguments and case citations relate to the issue of whether a federal inmate is entitled to prior custody credit, not GCT credit.  Moreover, Petitioner presents no evidence the BOP applies § 3624(b) with discriminatory intent to treat Petitioner differently from similarly situated prisoners.

As noted, under the BOP interpretation, GCT credit is available only for the actual time served, not the sentence imposed.  As such, even if Judge Hogan imposed a 180-month sentence, which he did not, Petitioner would remain entitled to earn GCT credits only on that portion of the sentence actually served in federal custody.  Accordingly, he cannot show the BOP has treated him differently from similarly situated prisoners, let alone a discriminatory intent to do so.

## CONCLUSION

For these reasons, the Court DENIES the Petition for Writ of Habeas Corpus and DISMISSES this action.

IT IS SO ORDERED.

DATED this 26th day of June, 2009.


                        /s/ Anna J. Brown
                        ANNA J. BROWN
                        United States District Judge


12 - OPINION AND ORDER -                    P:\Brown-LawClerks\07-1883crampton0624opin.wpd